UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

BALWAN SINGH HOODA,

Plaintiff,

- against -

BROOKHAVEN SCIENCE ASSOCIATES, LLC; WILLIAM HEMPFLING, in his individual and official capacity; WILLIAM ROBERT CASEY, in his individual and official capacity; MICHAEL BEBON, in his individual and official capacity; CAROL PARNELL, in her individual and official capacity; GEORGE GOODE, in his individual and official capacity; ROBERT LEE, in his individual and official capacity; MICHAEL HOLLAND, in his individual and official capacity,

Defendants.

---------------------------------------------------------------x

CV-08-3403 (JS) (WDW)

Electronically Filed

**THE BROOKHAVEN DEFENDANTS' MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS CONSOLIDATED AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)**

Dated: New York, New York
August 1, 2011

Christie Del Rey-Cone
Caitlin A. Senff
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
(212) 218-5500

*Attorneys for Defendants Brookhaven Science Associates, LLC, William Hempfling, William Robert Casey, Michael Bebon, Carol Parnell, George Goode, and Robert Lee*

# TABLE OF AUTHORITIES

Page

TABLE OF AUTHORITIES ........ ii

ARGUMENT ........ 4

I. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE HE HAS NOT SHOWN GOOD CAUSE FOR HIS UNTIMELY EFFORT TO AMEND THE COMPLAINT ........ 4

II. PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT SHOULD BE DENIED AS TO HIS NEW ADEA CLAIM UNDER THE FED. R. CIV. P. 15(a) STANDARD ........ 6

A. Plaintiff Waived Previous Opportunity to Amend Complaint To Include ADEA Claim ........ 6

B. Plaintiff's Proposed Amendment to Include an ADEA Claim is Futile and Without Merit ........ 7

CONCLUSION ........ 11

# TABLE OF AUTHORITIES


**Page(s)**

**CASES**

*Adams v. N.Y. State Educ. Dep't*,
752 F. Supp. 2d 420 (S.D.N.Y. 2010)....10

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)....8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....8

*Bronson v. N.Y.*,
2010 WL 1486485 (E.D.N.Y. Apr. 13, 2010)....10

*Burger v. N.Y. Inst. of Tech.*,
94 F.3d 830 (2d Cir. 1996)....9

*Burnette v. Carothers*,
192 F.3d 52 (2d Cir. 1999)....8

*Cronin v. Aetna Life Ins. Co.*,
46 F.3d 196 (2d Cir. 1995)....9

*Cruz v. Gomez*,
202 F.3d 593 (2d Cir. 2000)....10

*Foman v. Davis*,
371 U.S. 178, 182 (1962)....7

*Foster v. Humane Society of Rochester & Monroe County, Inc.*,
724 F. Supp. 2d 382 (W.D.N.Y. 2010)....10

*Grochowski v. Phoenix Constr.*,
318 F.3d 80 (2d Cir. 2003)....5

*Halebian v. Berv*,
590 F.3d 195 (2d Cir. 2009)....8

*Hayden v. County of Nassau*,
180 F.3d 42 (2d Cir. 1999)....7, 11

*Inst. for Dev. of Earth Awareness v. PETA*,
2009 WL 2850230 (S.D.N.Y. Aug. 28, 2009)....7

*Jones v. Dep't of Educ.*,
2008 WL 3836122 (E.D.N.Y. Aug. 13, 2008)....7

*Kassner v. 2nd Ave. Delicatessen, Inc.*,
496 F.3d 229 (2d Cir. 2007)....5

*LaFlamme v. Carpenters Local #370 Pension Plan*,
220 F.R.D. 181 (N.D.N.Y. 2003)....5

*Liburd v. Bronx Lebanon Hosp. Ctr.*,
2008 WL 3861352 (S.D.N.Y. Aug. 19, 2008)....10

*Lucente v. IBM*,
310 F.3d 243 (2d Cir. 2002)....8, 11

*Nwaokocha v. Sadowski*,
369 F. Supp. 2d 362 (E.D.N.Y. 2005)....10

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.*,
2010 WL 1257803 (E.D.N.Y. Mar. 26, 2010)....8, 11

*Parker v. Columbia Pictures Indus.*,
204 F.3d 326 (2d Cir. 2000)....5

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*,
507 F.3d 117 (2d Cir. 2007)....8

*Ruotolo v. City of N.Y.*,
2006 WL 2372236 (S.D.N.Y. Aug. 16, 2006)....7

*Scott v. City of N.Y. Dep't of Corr.*,
2007 WL 4178405 (S.D.N.Y. Nov. 26, 2007)....5

**FEDERAL RULE**

Fed. R. Civ. P. 15(a)....10

Defendants Brookhaven Science Associates ("BSA"), Michael Bebon ("Bebon"), William Hempfling ("Hempfling"), William Robert Casey ("Casey"), Carol Parnell ("Parnell"), George Goode ("Goode"), and Robert Lee ("Lee") (collectively, the "Brookhaven Defendants"), by and through their attorneys, Seyfarth Shaw LLP, respectfully submit this memorandum of law in partial opposition to plaintiff Balwan Singh Hooda's ("Hooda" or "Plaintiff") motion for leave to amend his consolidated amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) ("Plaintiff's Motion").

**PROCEDURAL HISTORY AND PRELIMINARY STATEMENT**

Hooda has been employed by BSA since May 2000. On February 25, 2008, Hooda filed a charge of discrimination (the "2008 Charge") against Brookhaven National Laboratory ("BNL") with the U.S. Equal Employment Opportunity Commission ("EEOC"), in which he alleged that he was denied an interview for the position of Environmental Safety & Health Assistant Lab Director ("Assistant Lab Director Position") because of his race and national origin, and that he was retaliated against when he was subsequently denied an interview for the position of Environmental Safety & Health Manager for NSLS-II ("ES&H Manager Position"). (CAC, ¶ 11.) On May 28, 2008, the EEOC dismissed Hooda's charge and issued him a Notice of Right to Sue. (Id., ¶ 11.)

On August 20, 2008, Hooda filed a Complaint with this Court against BNL, BSA, Bebon, Hempfling, Casey, Goode, and Michael Holland ("Holland") (CV-08-3403) ("*Hooda I*"). In *Hooda I*, Hooda alleged the following:

- that he was discriminatorily denied interviews for the Assistant Lab Director and ES&H Manager positions because of his race, national origin, and color, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §§ 1981, 1983, 1985 and 1986;

- that he was retaliated against on the basis of his purported complaints of race, national origin, and color discrimination in violation of Title VII and the New York State Human Rights Law ("NYSHRL"); and

- that he was deprived of equal protection and due process under the First and Fourteenth Amendments of the U.S. Constitution.

On or about January 16, 2009, defendants BSA, Bebon, Hempfling, Casey, and Goode (Bebon, Hempfling, Casey, and Goode, collectively, the "*Hooda I* Individual Defendants") filed a Fed. R. Civ. P. 12(b)(1) and (6) motion to dismiss various aspects of the *Hooda I* Complaint. Thereafter, on September 15, 2009, this Court issued a Memorandum and Order (the "September 15 Order") (Docket Entry No. 30), granting in part and denying in part the *Hooda I* Defendants' motion. Specifically, the September 15 Order:

- dismissed all of Hooda's Title VII claims as against the *Hooda I* Individual Defendants;

- dismissed Hooda's claims of "color" discrimination and hostile work environment under Title VII in light of Hooda's failure to exhaust his administrative remedies as to those claims;

- dismissed Hooda's § 1981 claims as against Defendants Bebon, Goode, and Holland;

- dismissed Hooda's §§ 1983, 1985, 1986, NYSHRL, and First and Fourteenth Amendment constitutional claims in their entirety; and

- dismissed all claims as against defendant BNL.

Subsequent to this Court's September 15 Order, on January 29, 2010, Hooda filed a second EEOC charge (the "2010 Charge") against both BNL and BSA. In the 2010 Charge, Hooda alleged that he was interviewed for, but was discriminatorily denied, the position of Radiation Control Manager because of his race, color, national origin, age, and in retaliation for his having engaged in protected activity. On or about March 10, 2010, the EEOC dismissed the January 29 Charge and issued Hooda a Notice of Right to Sue.

On April 30, 2010, Hooda commenced a second, separate action against BNL, Holland, BSA, Bebon, Parnell, Goode, and Lee (Holland, Bebon, Parnell, Goode, and Lee, collectively, the "*Hooda II* Individual Defendants"), alleging violations of Title VII, 42 U.S.C. §§ 1981, 1983, 1985 and 1986, the NYSHRL, the First and Fourteenth Amendments to the U.S. Constitution, and Executive Order 11246 (CV-10-1966) ("*Hooda II*"). On May 19, 2010, this Court *sua sponte* issued a Memorandum and Order dismissing certain claims alleged in *Hooda II* (the "May 19 Order"). Specifically, in the May 19 Order, this Court dismissed:

- all claims as against BNL;
- Hooda's Title VII claims as against the *Hooda II* Individual Defendants;
- Hooda's NYSHRL claims;
- Hooda's First and Fourteenth Amendment claims against all Defendants other than Holland;
- Hooda's claims based on Executive Order 11246; and
- Hooda's Title VII and § 1981 claims to the extent they were based upon alleged age discrimination.

By way of Memorandum and Decision dated June 21, 2010 (the "June 21 Decision,") (Docket Entry No. 58), this Court consolidated *Hooda I* and *Hooda II* and ordered that Hooda file a Consolidated Amended Complaint ("CAC").

On August 9, 2010, Hooda filed the CAC against BSA, Hempfling, Casey, Bebon, Parnell, Goode, Lee and Holland, in which he alleges violations of Title VII, 42 U.S.C. §§ 1981, 1985, and 1986, and the Fourteenth Amendment of the U.S. Constitution. On September 7, 2010, the Brookhaven Defendants filed a Motion to Dismiss the CAC in Part and Stay Discovery (the "September 7 Motion to Dismiss") on the following grounds:

1. Hooda's Title VII claims against Hempfling, Casey, Bebon, Parnell, Goode, and Lee must be dismissed because they cannot be held individually liable under Title VII;

2. Hooda's § 1981 claims against Bebon and Goode should be dismissed because they cannot be held individually liable under § 1981;

3. Hooda's § 1985 and § 1986 claims should be dismissed because Hooda has failed to plead a cognizable cause of action under either of these statutes; and

4. Hooda's pattern or practice claims alleged under Title VII and 42 U.S.C. § 1981 must be dismissed because such claims may not be maintained by private plaintiffs outside of a class action.

With the Brookhaven Defendants' September 7 Motion to Dismiss still pending, on June 16, 2011, Scott Michael Mishkin, Esq. entered a Notice of Appearance on behalf of Hooda. Hooda now seeks to amend his CAC. The Brookhaven Defendants only oppose Hooda's Motion to Amend the CAC to the extent that the Proposed Second Amended Complaint ("PSAC") raises the new allegation of age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"). Indeed, with the exception of Hooda's ADEA claim, Hooda's Motion to Amend addresses all of the previous deficiencies and renders the Brookhaven Defendants' September 7 Motion moot. As set forth below, Hooda's Motion to Amend should be denied as to the assertion of ADEA claims insofar as Hooda failed to properly amend his complaint in that regard when previously given the opportunity and no seeks to belatedly do so and, ultimately, because such allegations are futile.

## ARGUMENT

### I. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE HE HAS NOT SHOWN GOOD CAUSE FOR HIS UNTIMELY EFFORT TO AMEND THE COMPLAINT

Hooda suggests that "justice requires" that his complaint be amended, and cites various authorities for the proposition that leave to amend a complaint "should be freely granted" pursuant to Fed. R. Civ. P. 15(a). (Plaintiff's Motion at 5-7). However, these authorities are inapposite in the instant case by virtue of the January 25, 2010 Scheduling Order (the "Scheduling Order") (Docket Entry No. 44). The Scheduling Order clearly set June 21, 2010 as

the deadline for "[m]otions to join new parties or *to amend the pleadings*." (emphasis added). No requests for extensions of this date were ever made. However, upon consolidation of *Hooda I* and *Hooda II*, Hooda was provided until July 21, 2010 to file his CAC, which, in accordance with the May 19 Order, could have included properly plead ADEA claims. On July 9, 2010, Hooda filed a "Motion for Extension of Time to Amend Complaint." This motion was granted on July 19, 2010 and Hooda was given until August 9, 2010 to file his CAC. Since that time, and since the filing of the CAC, no further extensions of time for purposes of amending the complaint have been made by either Hooda or his newly retained counsel.

The Second Circuit has recognized that where a district court's scheduling order includes a deadline for amending the pleadings, a plaintiff seeking leave to amend the complaint after that deadline cannot rely on the "lenient standard" of Rule 15(a) but must show "good cause" for modifying the scheduling order pursuant to Fed. R. Civ. P. 16(b). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (affirming denial of leave to amend); *see also Scott v. City of N.Y. Dep't of Corr.*, 2007 WL 4178405, at *3-4 (S.D.N.Y. Nov. 26, 2007) (applying Rule 16(b) standard to motion to amend complaint where formerly *pro se* plaintiff obtained new counsel). When applying the "good cause" standard, Court's focus on "whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (affirming district court denial of scheduling order modification where moving party delayed over year before seeking to amend pleading). Here, Hooda acknowledges that the CAC contained no allegations of age discrimination under the ADEA, despite having been given guidance and leave to amend in that regard. In doing so, however, Hooda provides no reason for the omission or any explanation as to why this amendment is being sought well after the deadline set by the Court.

*See LaFlamme v. Carpenters Local #370 Pension Plan*, 220 F.R.D. 181, 186 (N.D.N.Y. 2003) (denying leave to amend and observing that and observing that "[t]he importance of the [Scheduling Order], to a district court's effective control and management of a case, cannot be overstated"), *aff'd*, 127 Fed. Appx. 3 (2d Cir. 2005). Clearly it was not the Court's intention to allow Hooda endless leniency in leave to amend his pleadings and Hooda's analysis, which assumes such leniency, is misplaced. Accordingly, the Court should deny Plaintiff's belated motion on this ground alone.

## II. PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT SHOULD BE DENIED AS TO HIS NEW ADEA CLAIM UNDER THE FED. R. CIV. P. 15(a) STANDARD

In addition to the reasons set forth above in Section I, even if the Scheduling Order had not been entered in this case and assuming that Fed. R. Civ. P. 15(a) provided the proper standard for evaluating Plaintiff's Motion, it is apparent that allowing Hooda to amend his complaint would provide him with provide him with an opportunity to assert futile claims, despite having failed to do so when specifically given leave by the Court for such purposes.

### A. Plaintiff Waived Previous Opportunity to Amend Complaint To Include ADEA Claim

Hooda's 2008 Charge contained no allegations of age discrimination. Likewise, the *Hooda I* Complaint did not assert any claim on the basis of age. Hooda's 2010 Charge, for the first time, alleged discrimination based on age. The Complaint in *Hooda II*, alleged "violation of age discrimination" in violation of Title VII of the Civil Rights Act of 1964 and § 1981 and sought relief under the ADEA. On May 19, 2010, the Court *sua sponte* dismissed Hooda's age claims, to the extent that they were asserted under Title VII and § 1981. At the same time, the Court found that Hooda failed to properly allege a claim of age discrimination under the ADEA, while allowing Hooda an opportunity to amend his Complaint "to properly plead such a cause of action." (May 19 Order at 2.) Thereafter, in accordance with Your Honor's June 21 Decision,

Hooda filed a CAC. Notably, the CAC is devoid of any mention of any age discrimination claims, under the ADEA or otherwise. This Court clearly provided Hooda with the opportunity to cure the deficiencies in *Hooda II* as to his claims of age discrimination, and he chose not to.

Hooda now seeks to amend his CAC by, in part, attempting to advance an unsustainable claim of age discrimination under the ADEA. Under *Foman v. Davis*, leave to amend pursuant to Fed. R. Civ. P. 15(a) should be freely given, except where, as here, there exists a "repeated failure to cure deficiencies by amendments previously allowed." 371 U.S. 178, 182 (1962). Hooda was already afforded the opportunity to amend his complaint to properly plead allegations of age discrimination under the ADEA and he chose not to. He should not be entitled to a second bite at the apple. *See Jones v. Dep't of Educ.*, 2008 WL 3836122, at *5 (E.D.N.Y. Aug. 13, 2008) (leave to amend a second time denied); *Inst. for Dev. of Earth Awareness v. PETA*, 2009 WL 2850230, at *2 (S.D.N.Y. Aug. 28, 2009) (same).

Further, Hooda has not offered any reason for his failure to plead age discrimination claims in the CAC. Notably, the CAC did not even include any facts to support an age discrimination claim – facts which were clearly known to him at the time he filed *Hooda II* and the CAC. For this reason alone, the motion as to the addition of ADEA claim should be denied. *Ruotolo v. City of N.Y.*, 2006 WL 2372236, at *2-3 (S.D.N.Y. Aug. 16, 2006) (motion to amend denied; facts were available to plaintiff when he filed his original complaint and his first amendment), *aff'd*, 514 F.3d 184 (2d Cir. 2008).

### B. Plaintiff's Proposed Amendment to Include an ADEA Claim is Futile and Without Merit

It is well-settled that while leave to amend a complaint may ordinarily be freely granted, it should be denied where, as here, the amended complaint is palpably lacking in merit. *See Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). To determine whether a proposed

amendment is futile, courts must utilize the same analysis that is applied on a motion to dismiss pursuant to Rule 12(b)(6). *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 1257803, at *9 (E.D.N.Y. Mar. 26, 2010) ("Because the three claims could not survive a motion to dismiss. . . . [plaintiff's] motion to amend the complaint should be denied as futile.").

To survive a Rule 12(b)(6) motion, a complaint must set forth factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While highly "detailed factual allegations" are not mandatory, a complaint must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations omitted); *Halebian v. Berv*, 590 F.3d 195, 203 (2d Cir. 2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal); *see also Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999) ("In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)."). In assessing the adequacy of the proposed amended complaint, the Court cannot give credence to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *Halebian*, 590 F.3d at 203-04; *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007). Hooda's proposed Amended Complaint must state a *plausible* factual basis supporting a claim for relief to survive a motion to dismiss and it does not. *Port Dock & Stone Corp.*, 507 F.3d at 121 ("[C]omplaint must allege facts that are not merely

consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion.").

Here, Hooda attempts to set forth allegations of age discrimination but, in doing so, has failed to identify facts to support his bare legal conclusions. Indeed, Hooda has failed to cure the deficiencies which caused the Court to previously dismiss his age claim. (*See* May 19 Order at 2.) Specifically, Hooda alleges to have "suffered adverse employment actions in that [he] was subjected to discriminatory treatment based on his age, including but not limited to, denying promotional opportunities, excluding Plaintiff from meetings, failing to communicate relevant information Plaintiff needs to perform his responsibilities, unfairly appraising Plaintiff's performance and assigning projects that fall under Plaintiff's R2A2 to younger, less qualified, Caucasian individuals." (PSAC, ¶ 146.) The *only* factual allegation provided for this broad sweeping claim is that Steve Coleman, the individual selected for the Radiological Control Manager position "was younger and less qualified than Plaintiff." (PSAC, ¶¶ 58, 78.)

However, in doing so, Hooda fails to specify his own age, let alone that of Coleman or the other "younger" individuals. Indeed, Hooda does not identify any other "*younger*, less qualified, Caucasian individuals" compared to whom he purports to have been treated less favorably. Even if he had so identified such individuals, doing so would not cure the fact that Hooda has not alleged the basic statutory elements of an age discrimination claim.[1] "Courts in

---

[1] "A plaintiff asserting an employment discrimination claim must meet an initial burden of presenting evidence sufficient to establish a *prima facie* case of the alleged violation. . . . A *prima facie* case of discharge resulting from age discrimination is established if the plaintiff shows, through direct or circumstantial evidence, that: (1) [he] was within the protected age group, (2) [he] was qualified for the position, (3) [he] was discharged, and (4) the discharge occurred under circumstances giving rise to an inference of discrimination." *Burger v. N.Y. Inst.*

this Circuit have not hesitated to grant a motion to dismiss discrimination claims that merely recite the statutory elements, in conclusory form, without sufficient supporting factual allegations." *Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420, 465 (S.D.N.Y. 2010) (dismissing age discrimination claim where "claim merely allege[d] that plaintiffs are over 40 years of age and were replaced by younger teachers"); *see also Foster v. Humane Society of Rochester & Monroe County, Inc.*, 724 F. Supp. 2d 382, 390 (W.D.N.Y. 2010) ("The bare allegations that two other employees over forty were fired in 2009, and that defendant has a practice of firing older employees, are not enough to make out an age claim. . . . in light of *Twombly* and *Iqbal*."); *Liburd v. Bronx Lebanon Hosp. Ctr.*, 2008 WL 3861352, at *6 (S.D.N.Y. Aug. 19, 2008) ("Although Liburd alleges that she was replaced by a younger employee, this, without more, is not enough to survive a motion to dismiss"). In the end, the PSAC does not set forth sufficient contentions for the Court to deem the ADEA claim plausible.

Finally, to entertain Hooda's clearly deficient ADEA claim when it cannot ultimately succeed would unnecessarily waste judicial resources, as well as the time and money of the parties. Such inefficiency has consistently been disfavored. *See Bronson v. N.Y.*, 2010 WL 1486485, at *1 (E.D.N.Y. Apr. 13, 2010) (citing F.R.C.P. 15(a)); *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000)) (finding that while it would usually defer to plaintiff's *pro se* status and allow plaintiff to amend his complaint, the complaint was fatally deficient and could not possibly state a claim resulting in only a waste of judicial resources); *see also Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court . . . has discretion to dismiss with prejudice

---

*of Tech.*, 94 F.3d 830, 832-33 (2d Cir. 1996) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995)).

if it believes that amendment would be futile or would unnecessarily expend judicial resources."). Hooda's motion to amend should be denied as to the proposed addition of an ADEA claim because that claim is insufficient to withstand a 12(b)(6) motion to dismiss, and allowing the amendment would result in nothing more than proceedings on a claim that is not viable on its face. *Hayden*, 180 F.3d at 53; *Lucente*, 310 F.3d at 258; *Nycomed*, 2010 WL 1257803, at *9 ("Because the three claims could not survive a motion to dismiss . . . [plaintiff's] motion to amend the complaint should be denied as futile.").

## **CONCLUSION**

For all of the foregoing reasons, the Court should deny Hooda's motion to amend his complaint with respect to the addition of allegations of age discrimination under the ADEA and grant to the Brookhaven Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 1, 2011

Respectfully submitted,

SEYFARTH SHAW LLP

By s/ Christie Del Rey-Cone
Christie Del Rey-Cone
Caitlin A. Senff
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500
cdelreycone@seyfarth.com
csenff@seyfarth.com

Attorneys for Defendants
*Brookhaven Science Associates, LLC, William Hempfling, William Robert Casey, Michael Bebon, Carol Parnell, George Goode, and Robert Lee*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby affirms that she caused a true and correct copy of the within and foregoing Brookhaven Defendants' Memorandum of Law in Partial Opposition to Plaintiff's Motion to Amend His Consolidated Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) to be served upon the following counsel for Plaintiff by ECF and FedEx, postage prepaid, this 1st day of August, 2011:

s/ Christie Del Rey-Cone
Christie Del Rey-Cone